Dissenting Opinion.
Bermudez, C. J.
It is elementary that exemption laws must be strictly construed and that whoever claims an immunity under them, must show himself quite clearly entitled to it. Hence it has been uniformly held that in such instances doubt is fatal.
It is apparent that the case of defendants is far from being a clear one in their favor. It is surely a doubtful one. The lower judge found that they were not entitled to the exemption claimed, and two of the jutices of this court concur with him in opinion.
Indeed, it is impossible to conceive how an establishment for the editing, printing and publishing of a newspaper can be considered under the provisions of Art. 206 of the Constitution a manufacturing enterprise, or a mechanical pursuit.
A manufacture is an establishment in which, by machinery or hand work, raw materials are transformed into wares and undergo new shapes suitable for physical use and commercial purposes.
The definitions relied on to show what a manufacturer or a manufacture is, are taken from 34 An. 596, and 35 An. 747. They announce that the raw material must be worked into wares suitable for use. The word wares means: goods, commodity, merchandise.
The question arises: What are the wares suitable for sale into which defendants work the raw materials employed in their business ?
Those materials i,ome to them already manufactured ready for use. They are not afterward worked into wares and made to undergo any new shape. The paper remains just what it was before, unless perhaps in its size. The ink and mucilage applied to it by diverse processes do not alter its substance or form. The impressions made with the ink on the paper do not change the nature of the raw material and put it into wares and shapes for physical use.
After the paper has been printed upon, it is not used as goods, *567 commodities, merchandise, or for physical want, necessity or convenience.
It is used exclusively as an object for an intellectual purpose.
It may be that an establishment wherein wall paper is fabricated is a manufacture; but it is because the paper is transformed into a ware, an article of commerce, is designed and used for a physical purpose, and in no way for an intellectual object.
It passes strange that since the Constitution has been in force, that is for more than ten years, it never entered the mind of any owner of a newspaper establishment that he was entitled to the exemption claimed in this case. This clearly shows that it never was supposed that the article involved could mean anything of the kind.
The other means of defence resorted to should not avail.
It is clear that persons conducting the business which defendants carry on, though not specially designated by name in the Act of 1886, No. 101, are taxable, under Sec. 12, which fixes a rate upon all business not therein provided for.
The judgment appealed from should be affirmed.